UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00160-TBR

JASON BUTLER                                                                                          Plaintiffs
LORA BUTLER

v.

INGRAM BARGE COMPANY                                                                  Defendant

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon Defendant's motion to dismiss. (Docket #8). Plaintiff has responded. (Docket #13). Defendant has replied. (Docket #16). This matter now is ripe for adjudication. For the following reasons, Defendant's motion (Docket #8) is GRANTED.

BACKGROUND

This case arises out of an injury suffered by Plaintiff Jason Butler while he was employed by Ingram Barge Company ("Ingram Barge"). Butler is a seaman who was working on the M/V RICHARD E. WAUGH at the time of his injury. On November 15, 2011, the vessel was traveling southbound on the Mississippi River near Keokuk, Iowa. Butler was performing clean-up duties in the engine room. "Suddenly, and without warning, the steering gear controlling the flanking rudders was caused to be moved by the pilot in the wheelhouse." (Docket #1). Butler's right leg was crushed against the bulkhead. Butler crawled through the engine room and down stairs to reach an alarm and receive help from the other crew.

Butler brought this lawsuit pursuant to the Jones Act and general maritime law asserting Ingram Barge was negligent. (Docket #1). Butler's wife, Lora Butler, has also asserted a claim for loss of consortium. Ingram Barge now moves to dismiss Lora Butler's loss of consortium claim on the grounds that these damages are unavailable under the Jones Act and general maritime law. (Docket #8).

## STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). Denial of the motion is proper "unless it can be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Achterhof v. Selvaggio*, 886 F.2d 826, 831 (6th Cir.1989) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nonetheless, unwarranted factual inferences or legal conclusions masquerading as fact will not prevent a motion to dismiss. *Blakely v. United States*, 276 F.3d 853, 863 (6th Cir. 2002). A "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Andrews v. Ohio*, 104 F.3d 803, 806 (6th Cir. 1997) (citing *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993)).

## DISCUSSION

The sole issue currently before this Court is whether a wife may attach a loss of consortium claim to her husband's negligence claims arising under the Jones Act and

general maritime law. The plaintiff acknowledges that this Court has previously addressed this issue and ruled that non-pecuniary damages, such as a loss of consortium claim, are unavailable. *See Billingsley v. Alberici Constructors, Inc.*, 2014 WL 1248019, 2014 U.S. Dist. LEXIS 38830 (W.D. Ky. 2014); *Champ v. Marquette Transp. Co. LLC*, 2014 WL 2879152, 2014 U.S. Dist. LEXIS 85612 (W.D. Ky. 2014). Plaintiff requests that this Court reconsider. For the following reasons, the Court affirms its previous holdings.

The key case on this issue is the Supreme Court's decision in *Miles v. Apex Marine Corp.*, 498 U.S. 19, 33 (1990). The *Miles* court held that nonpecuniary damages, such as loss of consortium, are not available under the Jones Act or general maritime cause of action. *Miles*, 498 U.S. at 33. ("there is no recovery for loss of society in a general maritime action"). The Sixth Circuit adopted and explained the *Miles* court's decision. *Szymanski v. Columbia Transp. Co.*, 154 F.3d 591, 596 (6th Cir. 1998) ("the Death on the High Seas Act, by its terms, and the Jones Act, by its history, limit recoverable damages in wrongful death suits to pecuniary losses, not non-pecuniary losses such as loss of society"). This Court has interpreted *Miles* and *Szymanski* to hold: "the law is clear that nonpecuniary damages such as for loss of society are not recoverable under either a Jones Act negligence theory or a general maritime law unseaworthiness theory." *Champ*, 2014 U.S. Dist. LEXIS 85612 at *45; *Billingsley*, 2014 U.S. Dist. LEXIS 38830 at *7-9.

Plaintiff argues this Court did not consider the Supreme Court's decision in *Atlantic Sounding v. Townsend*, 557 U.S. 404 (1990), which was decided after *Miles* and *Szymanski*. (Docket #13). The *Townsend* court held punitive damages could be

recovered in a maintenance and cure case because the "Jones Act preserves common-law causes of action such as maintenance and cure" and does not circumscribe the remedies in those actions. *Townsend*, 557 U.S. at 418. Some courts interpreted *Townsend* as allowing nonpecuniary losses to be recovered not only in maintenance and cure cases, but also in unseaworthiness cases. *See e.g. Barrette v. Jubilee Fisheries, Inc.*, 2011 U.S. Dist. LEXIS 89514 (W.D. Wash. 2011). These cases hold that because *Townsend* allowed punitive damages in maintenance and cure claims – which predated the Jones Act – then nonpecuniary damages should also be allowed in unseaworthiness claims, which also predate the Jones Act. *Barrette*, 2011 U.S. Dist. LEXIS 89514 at *5; *In re Osage Marine Servs.*, 2012 U.S. Dist. LEXIS 28483 *7-8 (E.D. Mo. 2012) ("punitive damages are available under general maritime law for unseaworthiness claims. Here, as in *Atlantic Sounding*, unseaworthiness is a general maritime action that was well established before the passage of the Jones Act").

While these cases may arguably be supported by the logic in *Townsend*, they ignore the plain words of *Townsend*. The *Townsend* court expressly reaffirmed the *Miles* case, stating the "reasoning of Miles remains sound." *Townsend*, 557 U.S. at 419-420. The *Townsend* court distinguished itself from *Miles* on the grounds that "*Miles* does not address either maintenance and cure actions in general or the availability of punitive damages for such actions." *Id*. at 419-20. In other words, *Townsend* established that nonpecuniary damages could be sought in maintenance and cure cases, but in doing so did not disturb *Miles* holding that nonpecuniary damages were unavailable in a Jones Act or general maritime action. *McBride v. Estis Well Serv., L.L.C.*, 768 F.3d 382, 391 (5th Cir. 2014) ("The Supreme Court, in *Townsend*, did not

overrule *Miles*. Rather, it took pains to distinguish that maintenance and cure case from *Miles* and reaffirmed that Miles is still good law"); *see also Doyle v. Graske*, 579 F.3d 898, 905-908 (8th Cir. 2009).

> The *Miles* court has already spoken on this issue:
>
> The Jones Act also precludes recovery for loss of society in this case. The Jones Act applies when a seaman has been killed as a result of negligence, and it limits recovery to pecuniary loss. . . . It would be inconsistent with our place in the constitutional scheme were we to sanction more expansive remedies in a judicially created cause of action in which liability is without fault than Congress has allowed in cases of death resulting from negligence. We must conclude that there is no recovery for loss of society in a general maritime action for the wrongful death of a Jones Act seaman.

This Court is bound by the precedent of *Miles* and this circuit, "which the Court does not read as having been overruled by *Atlantic Sounding* [*v. Townsend*]." *Billingsley v. Alberici Constructors, Inc.*, 2014 U.S. Dist. LEXIS 38830 at *11-12. These cases hold a plaintiff cannot recover nonpecuniary damages based on the Jones Act or a theory of unseaworthiness. Therefore, Plaintiff's claim for loss of consortium must fail as a matter of law.

## CONCLUSION

Having considered the parties respective arguments and being otherwise sufficiently advised, for the foregoing reasons;

IT IS HEREBY ORDERED Defendant's motion to dismiss Lora Butler's loss of consortium claim (Docket #8) is GRANTED.

cc: Counsel